UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE RENEE MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:23-cv-01562-CDB<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 17) |

Pending before the Court is the parties' stipulation for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 17).  The parties agree to an award of attorney's fees to counsel for Plaintiff Michele Renee Maldonado ("Plaintiff"), Francesco Benavides, in the amount of $6,194.26, pursuant to the EAJA, 28 U.S.C. § 2412(d). *Id*.

On March 4, 2024, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.  (Doc. 15).  Judgment was entered the same day.  (Doc. 16). On March 19, 2024, Plaintiff filed the pending stipulation for attorney fees.  (Doc. 17).

Plaintiff requests an award of attorney fees and expenses as the prevailing party.  *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-

four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner does not oppose the requested relief. (Doc. 17).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $6,194.26 in EAJA fees. (Doc. 17). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate (244.62),[1] the requested award would amount to approximately 25 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (399 pages) and preparing the type of summary judgment motion Plaintiff's counsel filed (raising three disputed legal issues) (Docs. 12-13). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 15-16).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 19, 2024).

Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 17) is GRANTED; and
2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $6,194.26. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Francesco Benavides, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

_____
UNITED STATES MAGISTRATE JUDGE